Curia, per Sutherland, J.
This is a writ of error to the court of common pleas of the county of Chenango. The suit was originally commenced by Baird, the defend-. ant in error against Stephens, the plaintiff in' error, before a justice of the peace, where Baird obtained a judgment ■ for $25 damages, and $3 39 costs, from which judgment Stephens appealed. It appears from the return of the justice, that the plaintiff declared, before the justice, in trover, for the taking and converting by the defendant of a certain quantity of lumber. The pleading having become somewhat special and complicated, the justice proposed to the parties, that they should waive their pleadings, and try their cause upon its merits, and that no witness should be excluded ■ who should be offered to show the equitable rights of the parties. This suggestion was assented to, and the justice states that the cause was investigated on those grounds; that is, as I understand it, all objection to the form of the pleadings was expressly waived. The lumber, for the conversion or proceeds of which the suit was brought, it appeared from the evidence in the common pleas was originally the property of one Allen Benedict; and the title of the plaintiff below was derived from a sale under a justice’s judgment in favor of one Joseph Tillotson, against Allen Benedict and one James Stephens, for $21 10. This judgment was duly proved.
*293 The plaintiff below also proved another judgment .in favor of Barñard & Hatch, against Benedict, for about $15.
It appeared from the evidence, and the admission of the parties, that the lumber in question was the joint property of the defendant below, John Stephens, and Benedict; one fifth of it belonging to Benedict, and the other four fifths to Stephens ; and the constable who levied the execution of Tillotson against Benedict, testified that he called on John Stephens, the defendant below, and told him he had an execution against Benedict, and wished him to point out to him what lumber B. had at his mill. Stephens then showed him a pile *of boards and some logs, and told him that Benedict owned one fifth part of each. The witness then levied on one fifth part of those boards and logs, and the defendant, Stephens, receipted them to him. Nothing was said by Stephens about any thing to be done by Benedict, in order to perfect his title to the lumber. ■ The witness also levied upon the household furniture and growing crops of Benedict.
On the day of sale, Benedict, the defendant in the execution, requested the constable to put up all the property for sale at once, stating that an arrangement had been made between him and the plaintiff in the execution and Baird, by which Baird was to bid off the property, and pay the amount of the execution, and also the judgment of Barnard & Hatch, whether the property brought that amount or not; and he and Baird were to settle afterwards. The property was accordingly put up in a lump, and Baird purchased it, being the highest bidder, for $12, and paid Tilly tson’sexecution for $21 10, and Barnard & Hatch’s mdgment for about $15. The witness sold the right and title of Benedict to the boards and logs, and did not remove them. He also testified that the defendant below had informed him that the whole quantity of boards was 22,000 feet; that he rafted them to Baltimore, and sold them for $9 per thousand, and was ready to pay over to the plaintiff below one fifth of the proceeds, deducting certain claims of his on account of Benedict’s not having complied with *294 Ms contract in relation to the Mmber. The plaintiff below also proved that the boards were worth (at the mill) from $4 50 to $5 per thousand.
The defendant below then opened his defence, and contended, 1. That the sale of Benedict’s property was fraudulent and void, on account of its having been sold.era masse, and that the plaintiff below therefore acquired no title under the sale; 2. That Benedict had no interest in the lumber which could be sold under an execution, all his interest being under a special executory contract, which at the time of the levy was open and unexecuted; 3. If such interest could be sold, then Baird the purchaser, was bound to perform Benedict’s part of the contract, before he could claim any thing under the sale; 4. That the taking of the boards #to market by Stephens, and selling them, were authorized by the special contract between him and Benedict, and consequently were not a conversion of the property; and if he was liable at all, it was in assumpsit, and not in this form of action. The defendant below then offered to prove the special contract between him and Benedict, in relation to the lumber, which was objected to by the plaintiff on the ground that the defendant had pointed out this lumber to the officer, when he came to levy his execution, as the property of Benedict, liable to be levied upon; in consequence whereof it had been sold to the plaintiff below, and a third person had become the purchaser. The objection was overruled, and the defendant below proved that. the logs, out of which the boards were sawed, were taken from a lot of Benedict; that, by the contract between them, they were to draw and saw the logs, and put their boards into a raft together, and that Stephens was then to run them at his own expense, and Benedict was to have one fifth of the proceeds ; and it was proved that, at the time of the sale, part of the logs were not sawed, and that Benedict did not, after that, assist in sawing them, or making the raft; but that the whole was done by Stephens.
The court charged the jury, that the defendant, Stephens, had no right to object to the sale, on the ground that the property was sold era masse, inasmuch as he was not a cred *295 itor of Benedict, and Benedict himself requested that it . might be so sold; 2. That if they believed the testimony of the constable who made the levy, that the boards and logs were pointed out by Stephens as belonging to Benediet, to the amount of one-fifth part, he was precluded now from denying that fact against a bona jide purchaser of Benedict’s, interest; and that was an interest which could be sold on execution; and that the acts of the defendant, in taking the property to Baltimore and disposing of it, amounted to a conversion. The defendant below excepted to the charge; and the jury found a verdict for the plaintiff below for $15 damages, on which the court gave judgment.
I think upon the whole, the charge of the court was correct. After the agreement of the parties before the justice *the form of the declaration became immaterial. All objections on that ground were expressly waived; and as the cause upon appeal is tried upon the pleadings below, the stipulation must be understood as extending to the common pleas, and authorizing any modification of the pleadings which the evidence would warrant and the justice of the case might require.
It does not appear that Baird, the plaintiff in this action, after he purchased the interest of Benedict in the boards, was ever informed by Stephens, the défendant, of the special contract between him and Baird, or was called on to fulfil the agreement on the part of Baird. That ground does not appear to have been resorted to by the defendant until after he had disposed of the boards, and was called on to account for one-fifth of their proceeds. He pointed out the property as Benedict’s, for the express purpose of having it levied upon, without giving any intimation to the officer, at the time of the levy, or to the purchaser at the sale, that the interest of Benedict in the property was affected by any condition or qualification whatever. It would be a violation of good faith to permit him now to set up any special agreement betweenhim andBenedict, to defeat the title of the plaintiff below, who was a bona fide purchaser at the constable’s sale. Then was the time for the defendant below to have given notice of the special agreement *296 He is precluded, then, from saying that Benedict had not an interest in , the property which could be sold upon exe cution, or that that interest was subsequently forfeited by the omission to fulfil the special agreement on his part.
The defendant had no right to object to the manner oí the sale. He was not a creditor of Benedict; and it was at the express request of the defendant in the execution.
Judgment affirmed.